**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**CHRISTOPHER CAVALLARO,**            )
                                                    )
**Plaintiff,**                                   )
                                                    )
           **v.**                                )
                                                    )         **CASE NO. 1:19-CV-11766**
**INNOVATIVE INSURANCE PARTNERS,**  )
**LLC,**                                         )
                                                    )
**Defendant.**                              )
_____)

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Confidentiality Agreement and Protective Order ("Protective Order") is entered into by Plaintiff and Defendant (the "parties") to protect from disclosure documents and information the parties deem to be confidential. The Protective Order permits parties to designate documents and information as "CONFIDENTIAL." Documents and information so designated may only be disclosed or used as provided herein. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and among the parties, through their respective counsel and subject to the approval of the Court, that this Protective Order be entered in this action.

STIPULATED, AGREED, AND ORDERED:

1.      All documents or information produced by any party in discovery in the above-entitled action designated as "CONFIDENTIAL" shall be subject to the terms of this Protective Order and shall be used only for the purposes of the above-entitled action and not for any other litigation, or for any business or other purpose whatever.

2.      Any party producing information (whether in the form of documents, testimony, interrogatory answer, or otherwise) (a "Producing Party") in the course of discovery herein which relates to confidential or proprietary commercial, business, personal or financial information may designate such information "CONFIDENTIAL."  Documents (and the contents thereof) and other information designated as "CONFIDENTIAL" shall be maintained in confidence solely for use in this action, and such documents and information shall not be disclosed to any person except:

(a)      counsel representing the parties to this action, and employees of their respective office and firms;

(b)      parties to this action and their officers, directors, members, managers, partners, attorneys, and employees;

(c)      the Court and its support personnel;

(d)      a deponent or witness who has signed a statement in the form of Exhibit A hereto stating that s/he has read this Protective Order and agrees to be bound by its terms;

(e)      consulting and testifying experts or other consultants retained to assist counsel of record or a party for the purpose of assisting in the prosecution, defense, or settlement of, or in the preparation for trial of, this action and who have signed a statement in the form of Exhibit A hereto stating that s/he has read this Protective Order and agrees to be bound by its terms;

(f)      copying or imaging services, court reporters, videographers, non-technical consultants, graphics personnel, and translators associated with or retained by a party in connection with this action;

(g)      creditors and prospective creditors of, and investors and prospective investors in, Defendant;

(h)      accountants, financial advisors and tax advisors for any party, and

(i)      any other person as to whom the Producing Party agrees in writing, or as to whom a court order has been obtained prior to such disclosure.

3.      Prior   to   disclosing   any   document   or   information   designated   as "CONFIDENTIAL" or any copies, excerpts or summaries thereof, or any of the information

LIBA/2311229.2

contained therein, to any person specified in Paragraph 2 above other than the Court and its support personnel, as to which Paragraph 7 below applies, counsel or the party disclosing such documents or information shall advise each such person of the provisions of this Protective Order and shall not disclose any information designated as "CONFIDENTIAL" to such person unless and until such person agrees (i) to be bound by the terms, conditions, and restrictions of this Protective Order, and (ii) to take all necessary precautions to prevent any disclosure of documents or information so designated other than as authorized by this Protective Order.

4.     Documents or answers to interrogatories shall be designated as "CONFIDENTIAL" by stamping or writing "CONFIDENTIAL" on the first page of, or upon the face of, the document or interrogatory answers at or before production.  Where only portions of a document or interrogatory answer are claimed to be "CONFIDENTIAL," the Producing Party shall designate the parts for which "CONFIDENTIAL" treatment is claimed, and only those portions shall be subject to this Protective Order.

5.     "CONFIDENTIAL" information and documents shall not be copied or otherwise disclosed by a party receiving them ("Receiving Party"), except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of "CONFIDENTIAL" information or documents for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed "CONFIDENTIAL" under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating "CONFIDENTIAL" information or documents into machine readable form for incorporation into a data retrieval system used in

connection with this action, provided that access to "CONFIDENTIAL" documents and information, in whatever form stored or reproduced, shall be limited to qualified recipients.

6.     Counsel for any party may designate the content of any deposition or any other pretrial testimony (or any portion thereof), and any transcript, recording, or other memorial of such testimony, as "CONFIDENTIAL" (i) by a making a statement to that effect, on the record, at or before the conclusion of the deposition or other pretrial testimony; or (ii) by giving written notice, sent to counsel for all parties, within ten (10) days after the receipt of the transcript, recording, or other memorial of the deposition or other pretrial testimony.  In either case, counsel or any party in possession of such testimony, including any transcript, recording, or other memorial thereof, shall direct the legend "CONFIDENTIAL" to be affixed thereto, and direct that such testimony be accorded the treatment appropriate to such designation as provided in this Protective Order.  At any deposition or other pretrial testimony, counsel for a party whose "CONFIDENTIAL" information is utilized may request that all persons other than (a) court reporters, (b) counsel of record, and (c) individuals specified in Paragraph 2 above who are authorized to have access to such documents and information, leave the room during the portion of the deposition concerning "CONFIDENTIAL" documents or information.  The failure of such other person(s) to comply with such a request shall permit counsel to instruct or advise the witness that he or she need not answer a question that seeks the revelation of "CONFIDENTIAL" information.  Any transcript, recording, or other memorial of any deposition or other pretrial testimony not otherwise designated for confidential treatment as provided in the first sentence of this Paragraph 6 will be treated as though designated "CONFIDENTIAL" until the expiration of the 10-day period described in this Paragraph 6.  The Parties may modify this procedure for any particular deposition or other pretrial testimony through agreement on the

LIBA/2311229.2

record at such deposition or other pretrial testimony, or in advance or thereafter by a writing consented to by all parties, without further order of the Court.

7.      Prior to any hearing or trial at which the use of "CONFIDENTIAL" documents or information is anticipated, the parties shall meet and confer regarding the use of "CONFIDENTIAL" documents or information.  If the parties cannot agree, the parties shall promptly request the Court to rule on such procedures.  A party wishing to file with the Court any documents or information designated "CONFIDENTIAL" ("Filing Party") shall submit a motion to impound such documents or information, on a particularized showing of good cause, in accordance with District of Massachusetts Local Rule 7.2.  Any opposition to such request for impoundment shall be filed and served within two (2) business days of service of the motion.  In the event the Court does not rule on a motion for impoundment prior to the date on which a party is required or prepared to file a document containing, referring to or attaching documents or information designated as "CONFIDENTIAL" pursuant to the Federal Rules of Civil Procedure, the District of Massachusetts Local Rules, or Court order, or believes in good faith that he/it must file a document seeking emergency relief, such party may file a redacted document or documents with the Court and serve unredacted copy(ies) on all parties to the action, which, until the unredacted document(s) is/are authorized by the Court to be filed under seal, shall be considered timely and properly filed and served.  In the event the Court denies all or part of any motion to impound, the Filing Party may file documents containing, referring to or attaching materials designated as "CONFIDENTIAL" as to which the Court denied the motion to impound without any impoundment or seal.  Upon the termination of this action, attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential documents introduced or filed with the Court without further order of this

LIBA/2311229.2

Court, and are the persons to whom such confidential exhibits or other confidential documents may be returned by the Clerk of the Court, if they are not so retrieved.  No documents or copies thereof so introduced or filed shall be released except by order of the Court, to counsel of record, or as otherwise provided for herein.

8.     This Protective Order is without prejudice to the right of any party to apply at any time to the Court, on proper notice to counsel for the other parties, for an order: (a) for permission to disclose documents or information designated "CONFIDENTIAL" to persons other than those described in Paragraph 2 above; (b) for greater protection as to certain documents or information than provided herein; (c) to strike the "CONFIDENTIAL" designation, or (d) otherwise to relax or rescind the restrictions of this Protective Order, when convenience, necessity or other good cause requires.  Designation of any documents or information as "CONFIDENTIAL" shall not create any presumption that the designated documents or information qualify for "confidential" treatment and shall not shift the burden of establishing entitlement to "confidential" treatment, which burden shall remain with the Producing Party.  Until the Court rules on an application by a party challenging a "CONFIDENTIAL" designation, the documents and information in question shall not be disclosed by the Receiving Party to any persons other than those persons specified in Paragraph 2 as authorized to receive them.

9.     Nothing in this Protective Order shall require production of documents or information the parties contend is protected from disclosure by the attorney-client privilege or other recognized privileges or protection, including the work product doctrine.  If documents or information subject to a claim of privilege or work product protection is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a

6

waiver of, or estoppel as to, any claim of privilege, or work product protection for such documents or information.  If a party has inadvertently produced documents or information subject to a claim of privilege, protection or immunity, the other party/ies upon request shall promptly return those documents or information for which a claim of inadvertent production is made.  The party returning such information may then move the Court for an order compelling production of such documents or information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

10.     At any time while this Protective Order is in effect, a Producing Party may notify the other parties that documents or information that should have been designated "CONFIDENTIAL" under the terms of this Protective Order were inadvertently produced without being designated as such.  Upon receiving such notice from the Producing Party, the party receiving such notice shall immediately treat the document as if it has been so designated and shall place the appropriate designation on the document within two (2) business days of receipt of such notice.  Also within two (2) business days of receipt of such notice, the Receiving Party must provide the Producing Party with a list of all persons, except for persons designated in Paragraph 2 of this Protective Order, as applicable, who, to the best of the Receiving Party's attorneys' knowledge or recollection, have seen, had access to, or learned the contents of, such documents or information.  No party shall be held in breach of this Protective Order if, before receipt of such notice, any documents or information inadvertently produced without being designated as "CONFIDENTIAL" were disclosed to any person(s) not authorized to receive "CONFIDENTIAL" documents or information under this Protective Order, or were used in a manner inconsistent with this Order.

LIBA/2311229.2

11.     Inadvertent or unintentional production of documents or information containing "CONFIDENTIAL" information which are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall provide replacement pages bearing the appropriate confidentiality legend.

12.     In the event of any unintentional or inadvertent disclosure of "CONFIDENTIAL" information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including retrieving all copies of the "CONFIDENTIAL" information or documents from the recipient(s) thereof, and securing the agreement of the recipients not to disseminate further the "CONFIDENTIAL" information or documents in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

13.     A Receiving Party shall notify the Producing Party immediately of (i) any actual or suspected violation of the terms of this Protective Order, including any unauthorized possession, use or knowledge of information or documents designated "CONFIDENTIAL" by such Producing Party, or (ii) loss of, or inability to account for, any documents or information designated "CONFIDENTIAL" by such Producing Party (including electronic intrusion by third parties of the Receiving Party's computer(s) or computer server, or loss of a portable computer device (*e.g.,* laptop, tablet, iPhone) or detachable memory storage device.  Such Receiving Party shall (a) promptly furnish to such Producing Party in writing full details of such possession, use or knowledge, or intrusion or loss, and (b) cooperate with such Producing Party in taking such action against third parties as may reasonably be deemed necessary by the Producing Party to

protect its information and documents designated as "CONFIDENTIAL" and take all reasonable further steps requested by the Producing Party to prevent, control, remedy, and/or minimize the violation and any damage resulting therefrom.

14.     Absent written permission of the Producing Party or further order of the Court, the provisions of this Protective Order shall continue to be binding after the conclusion of this action, except with respect to those documents and information that become a matter of public record.

15.     Any non-party producing information (whether in the form of documents, testimony, interrogatory answer, or otherwise) in the course of discovery herein may, by executing a copy of this Protective Order, thereby agree to be bound by, and thereby become entitled to designate such information as "CONFIDENTIAL" pursuant to, the terms and conditions of this Protective Order.

16.     Nothing contained herein shall affect the rights of any party with respect to (a) its own documents, or (b) information known to or documents in the possession of such party prior to disclosure by another party, or (c) documents or information that is publicly available or known prior to such party's receipt, or (d) documents or information that has been or is developed or acquired by such party independent of discovery in this action; provided however, that (x) the categories set forth in the preceding clause of this paragraph shall not include any document or information which was created or obtained as a result of a violation of this or any other confidentiality order, and (y) the party asserting that a document or information falls within any of the categories set forth in the preceding clause of this paragraph shall bear the burden of demonstrating that such document or information was in the possession of, or known to, the

9

party, or was public knowledge, prior to its receipt of such document or information from the Producing Party.

17.     If at any time documents or information designated as "CONFIDENTIAL" is subpoenaed or otherwise ordered produced by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents or information through its counsel and shall provide each such party an opportunity to object to the production of such documents or information.  If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) days of the date written notice is given, or the date set forth in the subpoena for production, whichever is sooner, the party to whom the subpoena or other order is directed may produce such documents in response thereto.

18.     In connection with any document production in this action, counsel for each non-producing party shall be afforded reasonable opportunity to review those documents the production of which is called for and to designate, within ten (10) days after copies of such documents are made and delivered to counsel for such party, any documents or portions of documents as "CONFIDENTIAL" pursuant to the applicable terms of this Protective Order. Such designation shall be made either in a manner agreed upon by counsel or in such manner as is reasonable under the circumstances (*e.g.,* by identifying the Bates numbers of the designated documents or by stamping the appropriate legend on copies of the designated documents and delivering the copies to opposing counsel).

19.     The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Protective Order.   All disputes concerning "CONFIDENTIAL" information produced under the protection of this Protective Order shall be

10

resolved by such Court.  This Court retains and shall have continuing jurisdiction over the parties

and recipients of the "CONFIDENTIAL" information for enforcement of the provisions of this

Protective Order following termination of this litigation.


STIPULATED AND AGREED TO BY:


CHRISTOPHER CAVALLARO                  INNOVATIVE INSURANCE
                                       PARTNERS, LLC


By: /s/ Joshua M. Loveall             By: _____ *John R. Snyder* _____
Gerry D'Ambrosio                       John R. Snyder
Joshua M. Loveall                      Potomac Law Group PLLC
D'Ambrosio Brown LLP                   One International Place, Suite 1400
185 Devonshire Street, 10th Floor      Boston, MA  02110
Boston, MA  02110                      617-285-1790
617-720-5657                           jsnyder@potomaclaw.com
gdambrosio@dambrosiobrown.com
jloveall@dambrosiobrown.com


Dated:  October 1, 2019                Dated:  September 30, 2019


SO ORDERED:


  /s/ Richard G. Stearns              Dated: __10/4/2019_____, 2019
  United States District Judge


11

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **CHRISTOPHER CAVALLARO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO. 1:19-CV-11766** |
| **INNOVATIVE INSURANCE PARTNERS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

_____)

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, hereby certify under the pains and penalties of perjury that I have received a copy of, read, and reviewed the Protective Order in this action, and that I agree to be bound by it and its terms.  I further agree that I shall not disclose to others, except in accordance with the Protective Order, any "CONFIDENTIAL" materials I may receive or be given access to, and that such information or documents shall be used only for the purposes of this legal proceeding.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of this Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court, for such failure.  I further agree to the exercise of personal jurisdiction over me by this Court with respect to the enforcement of this agreement.

LIBA/2311229.2

I state under penalties of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and

correct.


Executed on the _____ day of _____, _____.

By: _____

Name: _____

Address: _____

_____

_____

13